# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION



| | | |
|---|---|---|
| LOUIS SKUFCA, JR., | ◊ | |
| Plaintiff, | ◊ | |
| VS. | ◊ | No. 04-1074-T/An |
| DEWEY C. WHITENTON,[1] CHANCELLOR, ET AL., | ◊ | |
| Defendants. | ◊ | |

---

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
### ORDER ASSESSING $150 FILING FEE
### ORDER OF DISMISSAL
### ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
### NOTICE OF APPELLATE FILING FEE

---

Plaintiff Louis Skufca, Jr., prisoner number 316068, an inmate at South Central Correctional Facility ("SCCF") in Clifton, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on April 6, 2004, along with a motion to proceed *in forma pauperis*. The motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as Dewey C. Whitenton, a McNairy County Chancellor, and Fairy Hunter, McNairy County Chancery Court Clerk.

---

[1] In the complaint, plaintiff spells the Chancellor's name "Whintenton." The correct spelling is "Whitenton."

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 9/28/05

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150.00[2] required by 28 U.S.C. § 1914(a). The *in forma pauperis* statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. In this case, plaintiff has properly completed and submitted both an *in forma pauperis* affidavit and a prison trust fund account statement.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

---

[2] On March 7, 2005 the filing fee was increased to $250. As plaintiff's complaint was filed prior to that date, the $150 fee is applicable.

2

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland, Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number located on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the SCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.     Analysis of Plaintiff's Claims

Plaintiff alleges that he mailed a divorce complaint and other related motions to the McNairy County Chancery Court on June 10, 2002. Plaintiff asserts that on July 26, 2002, he filed a motion for default judgment because his spouse had not filed an answer. Plaintiff contends that Chancellor Whitenton issued an order holding plaintiff's case in abeyance. Thereafter, plaintiff maintains that he mailed numerous motions to the Chancery Court and wrote to the Chancery Court Clerk's Office concerning the disposition of these motions. Plaintiff alleges that he did not receive any response from the Chancery Court or the Clerk's Office. Plaintiff contends that, without notification being given to plaintiff, Chancellor Whitenton held a hearing on December 6, 2002, with plaintiff's spouse and her attorney. Plaintiff asserts that he continued to mail motions and letters to the Chancery Court and Chancery Court Clerk's Office, but the only responses he received were from the Clerk informing plaintiff that no hearings would be set (1) until plaintiff hired an attorney and (2) absent the permission of the defendant.[3]

---

[3] With respect to the allegation that the Clerk informed plaintiff that he could not set a hearing date without the defendant's permission, plaintiff does not indicate whether he refers to the defendant in the underlying

4

Plaintiff contends that he filed various "appeals" with the Tennessee Court of Appeals concerning (1) the Chancery Court's order holding the proceeding in abeyance, (2) the court's failure to permit plaintiff to proceed in obtaining a divorce, and (3) defendants' failure to respond to plaintiff's motions and correspondence. Plaintiff maintains that the state appellate court denied his "appeals." Plaintiff asserts that defendants' actions resulted in a litany of violations of his constitutional rights including his rights to due process, equal protection of the law, and access to the courts. Plaintiff also contends that the defendants' acted negligently.[4]

Plaintiff seeks an injunction prohibiting the defendants from violating his constitutional rights with respect to his attempt to obtain a divorce. Specifically, plaintiff asks the Court to enjoin the defendants from having *ex parte* proceedings without providing him notice, further refusing to rule on plaintiff's motions, further refusing to set hearing dates for his motions, and further refusing to serve "paperwork with the court or case." Plaintiff also proposes that the Court overrule Chancellor Whitenton's abeyance order, require Whitenton to rule on his motions, require Whitenton to allow plaintiff to get a divorce and receive visitation of his minor child, and remove Whitenton from the case. Finally, plaintiff seeks compensatory and punitive damages.

---

state court proceeding or the defendant in the instant action.

[4] The Court is unable to determine what plaintiff's claim of negligence entails.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal.

A chancellor, like other judges of courts of limited jurisdiction, enjoys absolute immunity from suit for judicial actions unless taken in the "clear absence of all jurisdiction." Johnson v. Turner, 125 F.2d 324, 333 (6th Cir. 1997) (holding Shelby County Juvenile Court Judge and Referees protected by absolute judicial immunity); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985). A judicial action is one that is integrally related to the judge's performance of the adjudicative function. Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam) (holding that judge's direction to courtroom deputies to find counsel in another court and forcibly bring him into the courtroom is judicial act because the act is one that is normally performed by a judge); Forrester v. White, 484 U.S. 219, 227-29 (1988) (explaining distinction between judicial and non-judicial actions and holding that absolute immunity does not attach to non-judicial administrative decisions regarding employment of court personnel); Stump v. Sparkman, 435 U.S. 349, 362 (1978) (holding that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself,

i.e., whether it is a function normally performed by a judge . . . ."). A judge's judicial actions do not remove his cloak of judicial immunity even if he "acts erroneously, corruptly, or in excess of his jurisdiction." Johnson, 125 F.3d at 333; King, 766 F.2d at 965. Thus, a judge is protected even if he commits a judicial act that abuses his lawful authority. See, e.g., Stump, 435 U.S. at 360 (judge's refusal to appoint guardian *ad litem* for minor before judicial order of sterilization constituted a protected judicial act); Johnson, 125 F.3d at 331 (juvenile court referee's conduct of contempt hearing, including appointment of counsel for indigent contemnor, constituted a judicial act).

A clear absence of jurisdiction exists only when the judge lacks subject matter jurisdiction over the case in which he is performing the challenged judicial function. Mireles, 502 U.S. at 13 (holding that even if judge ratified deputies' decision to use excessive force, he was still acting within his jurisdiction); Johnson, 125 F.3d at 334-35; King, 766 F.2d at 968.

Plaintiff's allegations regarding the allegedly erroneous rulings by Chancellor Whitenton and his alleged failure to rule on various motions made by plaintiff are clearly judicial actions. Whitenton had jurisdiction over the subject matter of plaintiff's divorce proceedings. Thus, the claims against Whitenton are barred by absolute immunity. Likewise, court clerks also enjoy absolute immunity for judicial or quasi-judicial actions. White v. Gerbitz, 892 F.2d 457, 464-65 (6th Cir. 1989) (holding that the setting of bail is an action judicial in character for which court clerk enjoyed absolute immunity); Foster v.

Walsh, 864 F.2d 416, 417 (6th Cir. 1989) (clerk's issuance of warrant protected by absolute immunity). Any claims therefore against Chancery Court Clerk Fairy Hunter are also barred by absolute immunity.

Moreover, to the extent that plaintiff challenges the state court's rulings, this Court lacks jurisdiction or must abstain from exercising any jurisdiction over claims arising from plaintiff's underlying state court matter.

> United States district courts . . . do not have jurisdiction[] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) (federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[L]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993) (citations omitted). Furthermore, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970) (citing Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967)).

8

The Court finds that plaintiff has failed to assert a claim upon which relief may be granted. Accordingly, the Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented fails to state a claim upon which relief may be granted. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, yet has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore,

---

[5] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this 23rd day of September, 2005.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 1:04-CV-01074 was distributed by fax, mail, or direct printing on September 28, 2005 to the parties listed.

---

Louis P. Skufca
SCCF-CLIFTON
316068
P.O. Box 279
Clifton, TN 38425--027

Honorable James Todd
US DISTRICT COURT